IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANNIE HOWELL, as Personal         }
Representative of the ESTATE      }
of EDWARD TARVER, deceased,       }
                                  }    CIVIL ACTION NO.
     Plaintiff,                   }    07-AR-1872-S
                                  }
v.                                }
                                  }
RS STAFFING SERVICES, INC.,       }
et al.,                           }
                                  }
     Defendants.                  }

**MEMORANDUM OPINION**

The court has before it the motion for judgment on the pleadings of defendant, Tammy Barefield ("Barefield"), pursuant to Fed. R. Civ. P. 12(c). The motion was removed from the court's regularly scheduled motion docket of October 17, 2008, in response to a motion to reschedule filed by plaintiff Annie Howell, as personal representative of the estate of Edward Tarver, deceased ("Howell"). The hearing was rescheduled for October 24, 2008, after counsel for both parties were contacted and a mutually agreeable date and time were arrived at. Barefield was represented at the hearing on October 24, 2008, by counsel, one of whom came from Atlanta, Georgia, as required, under the correct assumption that both parties were expected to be present. Howell's counsel was not present.

For the reasons hereinafter set out, Barefield's motion is due to be GRANTED, and all claims against Barefield are due to be DISMISSED.

**FACTS**[1]

Tarver filed the original complaint in the Circuit Court of Jefferson County, Alabama, on August 30, 2007, against a corporation and two individuals, alleging age discrimination in violation of the Alabama Age Discrimination in Employment Act ("AADEA") of 1967, Ala. Code § 25-1-20, *et seq.*, religious discrimination in violation of Title VII of the Civil Rights Act of 1946, as amended, 42 U.S.C. § 2000e, *et seq.*, intentional infliction of emotional distress ("IIED"), and negligent hiring, training, supervision and retention ("negligent supervision"). The case was properly removed to federal court on October 11, 2007.

Tarver, a black male over the age of forty, was employed by defendant, RS Staffing, for over four years. He drove a forklift and assisted in the loading and unloading of recycling material. Due to work generated by hurricane Katrina, Tarver and his crew were told that they would have to begin working weekends. Tarver

---

[1] The court takes as true the facts alleged in the complaint and draws all reasonable inferences in plaintiff's favor. *See Hardy v. Regions Mortgage, Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). The complaint's allegations must plausibly suggest a right to relief, raising that right "above the speculative level." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* It also should be noted that the court does not, and need not, consider those documents attached to Tarver's response in this matter in its ruling. Thus, this Rule 12(c) motion is not converted in whole or in part to a motion for summary judgment.

told his supervisor that he was a minister and was unable to work on Sunday. On February 18, 2006, Tarver and his crew were told by their supervisor that they did not have to work that Sunday. Tarver did not work Sunday, February 19, 2006. On Monday, February 20, 2006, Tarver received a phone call from defendant, Tammy Barefield, RS Staffing's office manager, informing him that he needed to come into the office and gather his personal property.[2] Tarver was given no reason for this request by Barefield, even when he questioned her directly. Tarver subsequently filed for unemployment benefits, learning for the first time that RS Staffing terminated his employment on February 20, 2006.

At the time Tarver was terminated, he was the oldest worker on his crew in age and seniority. While employed with RS Staffing, he was named employee of the month, had perfect attendance, and had, according to his complaint, been a model employee. Tarver was the only person on his crew who was terminated for refusing or failing to work on Sunday.

## ANALYSIS

### *Tarver's AADEA & Title VII claims*

Tarver improvidently brought claims of unlawful discrimination on the basis of age and religion in violation of the AADEA and Title VII against Barefield, an individual. There is no individual

---

[2] On that same day, Tarver's supervisor was suspended for failing to work on the Sunday at issue.

liability under either the AADEA[3] or Title VII, a fact apparently recognized by Howell after the present motion was filed. She does not oppose Barefield's dismissal as a defendant on these counts. *See Wheeles v. Nelson's Elec. Motor Serv.,* 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) (citing *Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir. 1996))("In the Eleventh Circuit, a plaintiff may not bring a Title VII claim against an employer's agent in his individual capacity."); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007)(As with Title VII, there is no individual liability under the ADEA.). Thus, these claims are due to be dismissed as against Barefield.

### *Tarver's IIED Claim*

To establish a claim for IIED under Alabama law, a plaintiff must show that the defendant engaged in "extreme and outrageous conduct intentionally or recklessly caus[ing] *severe* emotional distress," namely, emotional distress "so severe that no reasonable person could be expected to endure it." *Wal-Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833, 840 (Ala. 2003)(emphasis added).

Taking the facts alleged as true, Howell has not pleaded facts plausibly suggesting a right to relief on the IIED claim as to Barefield. Even if Howell's interpretation of the law is correct,

---

[3] The AADEA states that "the remedies, defenses, and statutes of limitations, under this article shall be the same as those authorized by the federal Age Discrimination in Employment Act . . . ," Ala. Code § 25-1-29, and it has been held that "[the ADEA's] principles should govern in AADEA cases as well." *Bonham v. Regions Mortgage, Inc.,* 129 F. Supp. 2d 1315, 1321 (M.D. Ala. 2001).

that "the line of demarcation between non-actionable outrage claims and actionable outrage claims in the employment arena is found in the determination of whether the termination is for reasons that contravene public policy," (Pl.'s Resp. to Def.'s Mot. 3), it is not alleged that Barefield made the decision to terminate Tarver or that she even had the power unilaterally to terminate him. Instead, the facts show that Barefield, an employee of RS Staffing, communicated to Tarver that he needed to come collect his things and would not tell him why. This does not rise to the level of outrageousness necessary to support an IIED claim.[4] Without being asked to pass on the propriety of this claim as brought against the other defendants, the court finds it is due to be dismissed as to Barefield.

### *Tarver's Negligent Supervision Claim*

Under Alabama law, "[i]n the [employer] and [employee] relationship, the [employer] is held responsible *for his [employee]'s incompetency*" in certain situations. *Voyager Ins. Co.*

---

[4] This is not to say that an individual cannot be held liable for IIED in the employment setting. However, that individual has to have acted in an extreme and outrageous manner, satisfying the requirements for an IIED claim. In the same way that "it would be intolerable in a civilized society to hold that an employer is guilty of outrageous conduct for merely discharging an employee at will," *Harrell v. Reynolds Metals Co.*, 495 So. 2d 1381, 1387 (Ala. 1986), a civilized society cannot hold that an employee is guilty of outrageous conduct for merely communicating a decision of the employer to terminate (no matter whether that termination is for proper or improper reasons) without more. It appears from Howell's response to Barefield's motion that she recognizes it is the alleged conduct of RS Staffing, not Barefield, that is the true basis for the IIED claim: "*Barefield's* actions shows (sic) unequivocally that *defendant's* discrimination was an illegal factor in its employment decisions." (Pl.'s Resp. to Def.'s Mot. 7)(emphasis added).

*v. Whitson*, 867 So. 2d 1065, 1073 (Ala. 2003)(citing *Lane v. Cent. Bank of Alabama, N.A.,* 425 So. 2d 1098, 1100 (Ala. 1983))(emphasis in original). This necessarily "requires as an element the existence of a master-servant relationship." *Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1314 (S.D. Ala. 2001). The court is left to wonder who exactly it is that Howell believes Barefield negligently supervised. Howell does not allege that Barefield is an employer under Alabama law,[5] or that she had any authority at all over Tarver. In fact, it appears from the complaint and response that Howell believes Barefield herself is one of the employees who was improperly supervised. Because Barefield could not be held liable under this cause of action for negligently supervising herself, and because Howell fails to allege facts plausibly suggesting that Barefield is an employer or person with authority for these purposes under Alabama law, this claim is due to be dismissed to the extent that it is brought against Barefield.

## CONCLUSION

In accordance with the foregoing, and by separate order, all claims against defendant Barefield will be dismissed with prejudice.

DONE this 28th day of October, 2008.

---

[5] It is important to note that Alabama does not recognize a cause of action against a supervisory employee for the negligent training or supervision of a subordinate. *Id.*

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE