FILED
 2009 May-26  PM 03:44
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

ANNIE HOWELL, as Personal      }
Representative of the ESTATE   }
of EDWARD TARVER, deceased,    }
                               }    CIVIL ACTION NO.
     Plaintiff,                }    07-AR-1872-S
                               }
v.                             }
                               }
RS STAFFING SERVICES, INC.,    }
                               }
     Defendant.                }
                               }
```

**<u>MEMORANDUM OPINION</u>**

Edward Tarver ("Tarver") sued three defendants. His inartful complaint was ostensibly aimed at all three. He did not successfully distinguish the apples from the oranges. Some of the mixed bag of liability theories fit defendant, RS Staffing Services, Inc. ("RS Staffing"), Tarver's employer. The other two defendants, who are nothing more than members of the cast of characters, were Joe Bledsoe ("Bledsoe"), who was an RS Staffing manager, and Tammy Barefield ("Barefield"), another manager.

After Tarver's death, the case was revived, and is now pursued by Annie Howell, as personal representative of Tarver's estate.

Only because Bledsoe did not respond to the complaint, the Clerk, on plaintiff's motion, entered default against Bledsoe on May 6, 2008. Employing the form routinely used by the Clerk, the default entry provided that plaintiff shall recover of Bledsoe "such sum as plaintiff shall prove to the Court, together with

costs". On October 28, 2008, the court granted the motion of Barefield, whose relationship to Tarver was virtually identical to the relationship between Bledsoe and Tarver, to dismiss the action against her with prejudice. On April 29, 2009, RS Staffing's motion for summary judgment was granted in part and denied in part. Plaintiff's motion to dismiss a hostile environment claim was granted. This left some employee-employer claims for trial, plus the incongruent appendage of a jury determination of the amount of damages proven against Bledsoe.

A pretrial conference was held on May 7, 2009, during which RS Staffing reiterated its position that plaintiff has no viable claim against Bledsoe and, therefore, cannot ask a jury to award damages against Bledsoe. In other words, RS Staffing, both *amicus curiae* and in its own self-interest, asserted that plaintiff cannot make something out of nothing by default, and that a defendant is not obligated to defend against a complaint that states no claim against him. Despite RS Staffing's said admonition, the court entered a pretrial order that names Bledsoe as a defendant, who has conceded liability but is called upon to defend, if he so desires, as to the amount of damages. The court expressed puzzlement over how to distinguish between the claims made against RS Staffing and the damages issue that involves only Bledsoe. By not defending, Bledsoe could not have conceded that he is liable for **employer** conduct proscribed by federal or state statutes.  There was and is

no allegation in the complaint that Bledsoe or Barefield ever themselves **employed** Tarver.

The court, of its own motion, and for good cause, now reconsiders and finds that the entry of default against Bledsoe was erroneous, and that the action as against Bledsoe is due to be dismissed for a lack of colorable merit.

Although Bledsoe defaulted and has not moved for a vacation of the entry of default, the complaint as against him had the same fatal defects as did the complaint against Barefield. The imposition of damages against Bledsoe for acts that are not legally actionable would violate all principles of due process.

Rule 55(c), Fed. R. Civ. P., allows a court *sua sponte* to set aside an entry of default for good cause.

*Moore's Federal Practice* states:

> The effect of an entry of default, if not set aside, is to establish the liability of the defaulting party as a basis for default judgment. After defaulting, a party has no right to dispute the issue of liability. On a motion for default judgment, **the well-pleaded facts** in the complaint relating to liability are taken as true. However, a defendant **does not admit facts that are not well-pleaded nor does the defendant admit conclusions of law.**

10 *Moore's Federal Practice,* § 55.32[1][a](Matthew Bender 3d ed.)(emphasis added). More specifically, Professor Moore goes on to say:

> Although a defaulting party admits the factual basis of the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims. The

> claimant **must state a legally valid claim for relief,** and the defaulting party may challenge the claimant's pleadings for failure to do so. A court may grant judgment by default **only for relief that may lawfully be granted on the well-pleaded facts alleged by the claimant.**

*Id.* § 55.32[1][b] (emphasis added)(citing *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)(Even taking all the alleged facts as true, the claimant had not made out a claim for relief and was not entitled to a default judgment)). The Eleventh Circuit has suggested that when defendants are similarly situated, as Barefield and Bledsoe are, judgment should not be entered against a defaulting defendant if the other defendant prevails. Barefield has already prevailed. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *Moore's*, § 55.36[3]. There is no logical way to distinguish between Bledsoe and Barefield insofar as their respective exposures to liability, whether based on the facts alleged or upon the theories pursued in this case, some of which have previously been rejected. To enter a money judgment after a verdict against Bledsoe would make absolutely no sense.  To allow a jury to impose a monetary obligation under these circumstances would invite reversal.

## CONCLUSION

In accordance with the foregoing, and by separate order, the entry of default against Bledsoe will be set aside, and all claims against Bledsoe will be dismissed with prejudice. The pretrial

order will be amended to reflect this change. This order shall not preclude plaintiff's use at trial, to the extent otherwise admissible, the fact that Bledsoe did not defend, and his said failure may constitute an admission or prior inconsistent statement.

DONE this 26th day of May, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE